38 F.3d 1220
NOTICE: Although citation of unpublished opinions remains unfavored, unpublished opinions may now be cited if the opinion has persuasive value on a material issue, and a copy is attached to the citing document or, if cited in oral argument, copies are furnished to the Court and all parties. See General Order of November 29, 1993, suspending 10th Cir. Rule 36.3 until December 31, 1995, or further order.
 Tony A. HADLEY, Plaintiff-Appellant,
v.
Candice MOON, Case Manager, Defendant-Appellee.
 No. 94-1212.
 United States Court of Appeals, Tenth Circuit.
 Oct. 21, 1994.
 
 ORDER AND JUDGMENT[1]
 Before TACHA, BRORBY, and EBEL, Circuit Judges.
 
 
 1
 After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed. R.App. P. 34(a); 10th Cir. R. 34.1.9. Therefore the case is ordered submitted without oral argument.
 
 
 2
 Plaintiff Hadley filed both an action under Bivens v. Six Unknown Named Agents, 403 U.S. 388 (1971), and the Privacy Act, 5 U.S.C. 552a, against his prison case manager, Candice Moon. Hadley alleged that she deprived him of liberty without due process in violation of the Fifth Amendment by falsely reporting to the Parole Commission that he had committed sexual assault. The magistrate recommended that Hadley's complaint be dismissed with prejudice because defamation does not raise a constitutional claim. The district court adopted the magistrate's recommendations and dismissed Hadley's claims with prejudice. Hadley then appealed to this court in a timely manner.[2]
 
 
 3
 Hadley alleges that Defendant Candice Moon, his case manager at FCI Englewood, slandered him by writing a letter to R.F. Miklic, the Chief of the Probation Department in Denver, Colorado, recommending that Hadley not be placed into the community because he had committed sexual assault. Hadley claims that Moon responded to a request for her opinion and stated that he had committed sexual assault even though she was aware that he had previously denied this accusation and that he was never convicted of this crime. Hadley points out that he was only convicted on the charge of simple assault. He also claims that this letter, which could lead the Probation Department to categorize him as a sexual offender, will jeopardize the possibility of a presentence release. However, Hadley does not discuss whether he had been denied such a release at the time of this filing.
 
 
 4
 As noted by the district court, damage to one's reputation alone does not constitute a deprivation of a liberty interest. See Paul v. Davis, 424 U.S. 693, 709 (1976). The Paul Court noted, however, that where a stigma caused by a defamation involved the deprivation of a liberty or property interest protected under the Constitution, an individual could maintain a cause of action sounding in constitutional tort. Id. at 709-12; see also Wisconsin v. Constantineau, 400 U.S. 433 (1971) (finding a due process violation because of an injury to reputation and the deprivation of the right to purchase alcohol). Since Paul, courts have explained that plaintiffs must demonstrate damage to their reputation plus a deprivation of some other constitutionally cognizable interest in order to state a claim upon which relief can be granted. See, e.g., Corbitt v. Andersen, 778 F.2d 1471, 1474-75 (10th Cir.1985) (holding that damage to reputation plus the impairment of future employment constitutes a due process violation); Doe v. United States Dep't of Justice, 753 F.2d 1092, 1106 (D.C.Cir.1985) (holding that damage to one's reputation plus termination from employment would jeopardize that individual's future employment opportunities with the government and thus constitutes a due process violation under Paul ). In Sellers v. Bureau of Prisons, the D.C. Circuit held that the Privacy Act provides for a cause of action if a prison official keeps inaccurate records and these records lead to a determination adverse to an inmate. 959 F.2d 307, 312 (D.C.Cir.1992). Hence, Sellers also requires damage to one's "reputation plus" an additional detriment in order to maintain an action under the Privacy Act.
 
 
 5
 In the instant case, Hadley clearly alleges damage to his reputation, but he fails to allege a change in status as a result of this damage. While Hadley suggests that the alleged defamatory statement by Moon will jeopardize his chances for presentence relief, he must allege an actual detriment or an adverse determination in order to maintain a Bivens action under Paul or a claim under the Privacy Act. However, as Hadley has failed to plead this essential element of his claim, this case is DISMISSED without prejudice to refile.
 
 
 
 [1]
 This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of the court's General Order filed November 29, 1993. 151 F.R.D. 470
 
 
 [2]
 The district court granted plaintiff's application to proceed in forma pauperis, pursuant to 28 U.S.C.1915(a)